UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| EVE TAALAK,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DR. PAVALIS, DR. FOR THE PRISON, SDWP, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; DARREN BERG, ADA COORDINATOR AT SDWP, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CLAYTON STOCHE, OFFICER, SDWP, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND CANDY SNYDER, ADA DIRECTOR, SDWP, IN HER INDIVIDUAL AND OFFICIAL CAPACITY,<br><br>　　　　　Defendants. | 3:19-CV-03002-RAL<br><br><br>OPINION AND ORDER<br>ON PENDING MOTIONS |

Plaintiff Eva Taalak (Taalak), an inmate at the South Dakota Women's Prison, filed a Complaint pro se under 42 U.S.C. § 1983 asserting violation of her Eighth Amendment and First Amendment rights and asserting violation of the Americans with Disabilities Act. Doc. 1. In ruling on Talaak's application to proceed in form pauperis, this Court required payment of a partial filing fee, which Taalak did pay. Docs. 9, 10.

Taalak has three pending motions: a motion to appoint counsel, Doc. 4; a motion to recuse or for change of venue, Doc. 7; and a motion seeking a copy of her complaint, Doc. 8. The motion to appoint counsel will be denied. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In

1

determining whether to appoint counsel, a court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present the claim. Id. Taalak's claims are not complex, she knows the facts of her case, she is able to present her allegations, and there are no circumstances at this time meriting appointment of counsel. Of course, this Court can decide at a later time if circumstances change to appoint counsel. See Williams v. Carter, 10 F.3d 563, 567 (8th Cr. 1993).

Taalak's motion to recuse or change venue requests "a new Judge and a new Jurisdiction" because she believes that she "would not have a fair case or trial due to [the] defendant (the So. Dak. Womens Prison) . . . here in Pierre is [their] stomping ground and [she feels] they know people in high places here that could influence the outcome." Doc. 7. The standard for recusal requires that the judge "must recuse from 'any proceeding in which [the judge's] impartiality might reasonably be questioned.'" United States v. Melton, 738 F.3d 903, 905 (8th Cir. 2013) (quoting 28 U.S.C. § 455(a)). The standard is an objective one, in which the question posed is "'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of the case.'" Melton, 738 F.3d at 905 (quoting Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002)). In practice, the standard requires a showing that "the judge had a disposition 'so extreme as to display clear inability to render fair judgment.'" Melton, 738 F.3d at 905 (quoting United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006)). Taalak has made no colorable argument justifying recusal.

As for changing venue, 28 U.S.C. § 1391(b) governs proper venue for civil cases in federal courts. Section 1391(b) provides that a federal civil action may be brought in:

(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated, or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Taalak's claims relate to what she alleges to be mistreatment at the South Dakota Women's Prison in Pierre, South Dakota, by those who work at the prison. Venue in the Central Division of the District of South Dakota is appropriate. Mere concerns that somehow state officials know people who might influence the outcome of this case do not justify transfer of venue and indeed strike this Court as altogether mistaken. This Court will rule on matters of this case independently and impartially. Neither state prison workers nor anyone else have the ability to influence this Court to rule unjustly.

Finally, Taalak's request for a copy of her original complaint will be granted. Therefore, it is hereby

ORDERED that the motion to appoint counsel, Doc. 4, is denied. It is further

ORDERED that the motion to recuse or change venue, Doc. 7, is denied. It is finally

ORDERED that the request for a copy of the complaint, Doc. 8, is granted and the Clerk of Court is directed to send the complaint, Doc. 1, to Taalak, with a copy of this Order. This Court will conduct the initial screening of the complaint and rule on that through a separate order.

DATED this 20th day of May, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE