UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| EVE TAALAK, <br><br> Plaintiff, <br><br> vs. <br><br> DR. PAVALIS, DR. FOR THE PRISON, SDWP, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; DARREN BERG, ADA COORDINATOR AT SDWP, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CLAYTON STOCHE, OFFICER, SDWP, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND CANDY SNYDER, ADA DIRECTOR, SDWP, IN HER INDIVIDUAL AND OFFICIAL CAPACITY, <br><br> Defendants. | 3:19-CV-03002-RAL <br><br><br> OPINION AND ORDER SCREENING AND DISMISSING CASE |

Plaintiff Eve Taalak is an inmate at the South Dakota Women's Prison in Pierre, South Dakota. Doc. 1. Taalak filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). Id. Taalak also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which this Court granted, and Taalak paid her partial filing fee.

Under 28 U.S.C. § 1915A, this Court must screen prisoner claims filed in forma pauperis and determine whether they are (1) "frivolous, malicious, or fail[] to state a claim on which relief

1

may be granted; or (2) seek[]monetary relief from a defendant who is immune from such relief." See also Onstad v. Wilkinson, 534 F. App'x 581, 582 (8th Cir. 2013).

At this stage of Taalak's case, this Court must accept the well-pleaded allegations in her complaint as true and draw all reasonable inference in her favor. Schriener v. Quicken Loans, Inc., 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitations of the elements of a cause of action will not do." Bell Atl. Corp. v. Twonbly, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008); Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

Taalak raises three claims in her complaint. Doc. 1. Taalak's first claim is that Defendants violated her Eighth Amendment rights by failing to provider her with adequate medical care. Doc. 1 at 4. "[A] prison official who is deliberately indifferent to the medical needs of a prisoner violates the prisoner's constitutional rights." Letterman v. Does, 789 F.3d 856, 861 (8th Cir. 2015). To state an Eighth Amendment claim, Taalak must allege "a substantial risk of serious harm to the victim," and "that the prison official was deliberately indifferent to that risk of harm . . . ." Id. at 861–62 (citing Gordon v. Frank, 454 F.3d 858, 862 (8th Cir. 2006)).

Taalak alleges that she has ADHD (attention deficit hyperactivity disorder), that Dr. Pavalis has refused to treat her ADHD, that Darren Berg refused to help her in getting her medications, that Clayton Stoche sexually harassed her in reference to her ADHD, and that Candy Snyder denied her ADA claim. Doc. 1 at 2, 4. Taalak states her injury to be "I was emotionally & mentally abused. I was punished for my disorder & no one will help me get my meds." Doc. 1 at 4.

Taalak to sustain an Eighth Amendment claim must allege deliberate disregard of a serious medical need. "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Coleman v. Rahya, 114 F.3d 778, 784 (8th Cir. 1997); see Scott v. Benson, 742 F.3d 335, 340 (8th Cir. 2014). An unsupported assertion of ADHD by itself does not equate to a serious medical need. See Weaver v. Lombardi, 2015 WL 7253059 at *2–3 (E.D. Mo. November 17, 2015). A condition like ADHD may or may not be a serious medical need, depending on whether it "has been diagnosed by a physician as requiring treatment," and thus depending on its persistence and severity. Taalak's complaint falls short of alleging that her ADHD is a "serious medical need." She simply alleges that she has ADHD and is not getting medicated for the disorder. Doc. 1 at 2, 4.

Taalak to sustain an Eighth Amendment claim must also allege deliberate disregard of that serious medical need. Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105 (1976). Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. Taalak's allegations fall well short with regard to Darren Berg who allegedly refused to assist her in getting medications which Dr.

Pavalis declined to prescribe, and with regard to Candy Snyder who allegedly denied an ADA claim. Conduct of a sexual nature toward an inmate can be cruel and unusual punishment prohibited by the Eighth Amendment, but the conclusory allegations that Clayton Stoche sexually harassed Taalak in reference to her ADHD is too vague and conclusory to meet federal pleading standards for an Eighth Amendment claim.

In Count II of her complaint, Taalak claims a constitutional violation of her "freedom of religion," specifically alleging "they will not let me have 2 decks of tarot cards. I am wiccan." Taalak also states: "I want to practice my religion & they say I can't have more than one tarot deck." Doc. 1 at 5.

In order to state a First Amendment claim, Taalak must allege facts tending to show that prison officials have substantially burdened the free exercise of her religion. Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 813 (8th Cir. 2008). Substantially burdening one's free exercise of religion means that the alleged restriction—here allowing Taalak only one and not two decks of tarot cards—must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion. Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 988 (8th Cir. 2004). Taalak's terse allegations about being denied a second deck of tarot cards are insufficient to state a First Amendment claim. Prison officials have allowed her one deck of tarot cards, and Taalak has failed to allege how denial of a second deck somehow substantially burdens the free exercise of her religious wicca practice. Taalak also failed to identify who allegedly infringed on her First Amendment free exercise right or what particular prison policy does so.

Taalak's final claim in Count III alleges an ADA violation by asserting "they violated my ADA rights by allowing me to be sexually harassed & punished for a mental disorder that they refuse to medicate properly." Doc. 1 at 6. This claim is closely related to Count I, and Taalak's complaint elsewhere blames Clayton Stoche for the sexual harassment and Candy Snyder for denying her ADA claim. Title II of the ADA states: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. The Supreme Court of the United States in Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206 (1998), held that the ADA extends to people in prison. In Yeskey, because of a medical history of hypertension, the inmate was denied an opportunity to participate in a motivational boot camp, the completion of which could have resulted in early parole. Here, Taalak has not alleged any exclusion from or denial of benefits of participating in any "services, programs or activities" of the prison. The allegation of sexual harassment due to her ADHD possibly is "discrimination" by the prison, but the allegation of sexual harassment, as discussed above, is too vague and conclusory to support any claim. Taalak has failed to state a viable ADA claim, but appears to be invoking the ADA to bolster her claim in Count I for Eighth Amendment violation due to a failure or refusal to treat her ADHD as she believes necessary. Taalak conceivably could plead colorable claims, although her complaint presently falls short of the pleading requirements necessary for either an ADA or Eighth Amendment claim.

Therefore, it is hereby

ORDERED that Taalak's complaint is screened under 28 U.S.C. § 1915A and dismissed without prejudice to refiling a complaint that states viable claims consistent with the explanation contained in this Opinion and Order.

5

DATED this 28th day of May, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE